Kelmansky Law Group
Yuliya Kelmansky (SBN 338601)
145 South Fairfax Avenue #222,
Los Angeles, CA 90036
Telephone: (213) 932-8922

Attorney for Defendant
Kieurmanbi Mamuchiev

**UNITED STATES DISTRICT COURT OF CALIFORNIA
FOR THE CENTRAL DISCRICT OF CALIFORNIA**

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br>Plaintiff,<br><br>v.<br><br>KIEURMANBI MAMUCHIEV<br>Defendant | CASE NO. 2:25-cr-00920-MRA-1<br><br>DEFENDANT'S SENTENSING MEMORANDUM AND<br><br>MOTION FOR THE COURT TO CONSIDER MITIGATING FACTORS IN THE INTERESTS OF JUSTICE (18 U.S.C. §3553(a) |

TO: HONORABLE JUDGE MONICA RAMIREZ ALMADANI, FIRST ASSISTANT UNITED STATES ATTORNEY, AND/OR HER/HIS REPRESENTATIVE:

PLEASE TAKE NOTICE that Defendant, by and through his attorney, Yuliya Kelmansky, hereby moves this court to consider mitigating circumstances in the interest

of justice pursuant to 18 U.S.C. § 3553 (a).

This Memorandum will be based upon this Notice, Declaration of Counsel, Declaration of Mr. Mamuchiev, the Indictment on the file herein, all other documents on file herein, and to such other further evidence, arguments and testimony as may be presented at the hearing of this motion.

Dated 04/01/2026

Respectfully submitted,

Yuliya Kelmansky

## INTRODUCTION

This matter arises from allegations filed against Defendant involving violations of 18 U.S.C. § 922 (g) (5) (A), 26 U.S.C. § 5861 (d), 26 U.S.C. § 5861 (i). Although the charges are serious, Defendant respectfully submits this mitigation package and witness interference issues to assist the Court in understanding the circumstances of this case, the Defendant's personal history, and the significant equities weighing against the imposition of severe penalties.

Additionally, the Indictment contains factual inaccuracies concerning the firearms and ammunition allegedly possessed. These inaccuracies conflict with the police evidence recovered by the Hawthorne Police Department DR 24-13596 **(EXHIBIT 2)** and materially exaggerate the nature of the offense. The sentencing process must be based on accurate, verified information, and the Court's consideration of the true circumstances is essential to ensuring a lawful, fair, and proportionate outcome.

The purpose of this motion is to highlight mitigating factors that demonstrate Defendant's character, community ties, and the questionable credibility of the investigation.

Defendant therefore seeks the Court's formal consideration of these mitigating factors "in the interest of justice" as required by 18 U.S.C. § 3553(a).

## LEGAL STANDARD

Under 18 U.S.C. § 3553(a), a sentencing court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. The statute requires the Court to weigh the history and characteristics of the defendant, the nature and circumstances of the offense, and the need to avoid unwarranted disparities.

The Supreme Court has held that sentencing courts may consider all relevant mitigating evidence, including post-offense conduct and information not contained in the

Indictment. See Pepper v. United States, 562 U.S. 476 (2011); Gall v. United States, 552 U.S. 38 (2007). District courts also retain inherent authority to consider matters affecting fairness and to correct factual inaccuracies that may lead to unjust sentencing consequences.

## FACTUAL BACKGROUND

### A. Defendant Has Already Been Prosecuted and Sentenced for the Same Conduct in State Court

The conduct underlying the Federal Indictment occurred on or about April 17, 2025, in Los Angeles County. Defendant was arrested by Hawthorne Police Department officers, prosecuted in Airport courthouse, and sentenced for the same possession-of-firearm conduct. The incident giving rise to the state case and the incident alleged in this federal indictment are identical in time, location, and underlying facts.

Although the dual-sovereignty doctrine permits both prosecutions, the resulting duplicative punishment is a critical mitigating factor. Defendant has already been punished, has accepted responsibility, and has received a probation for this incident. Subjecting Defendant to additional federal punishment for the same conduct disproportionately increases the severity of the overall impact and undermines the principle that punishment should not exceed what is necessary.

### B. The Federal Indictment Contains Material Factual Inaccuracies

Count One of the indictments **(EXHIBIT 1)** alleges that Defendant possessed multiple firearms and an extensive assortment of ammunition, including but not limited to a Glock

Model 19 with serial number SDC096, a Springfield XD pistol with serial number BB150935, and various ammunition brands including Remington Peters, Winchester, Aguila, Luger, and numerous additional cartridges.

These allegations do not align with the actual evidence recovered and documented by Hawthorne Police Department Evidence List (DR 24-13596) **(EXHIBIT 2)**. According to the arrest reports and evidence logs, Defendant possessed a Glock 19 bearing serial number SDC9096, a Springfield XD, a non-serialized rifle, AR-15 rifle and limited ammunition that does not correspond to the categories or quantities alleged in the indictment. The state evidence does not support the claim that Defendant possessed dozens of varieties of ammunition.

These inaccuracies materially misrepresent the nature of the offense and significantly increase the apparent seriousness of the conduct. Any sentencing determination must be based on the true facts as supported by evidence, not on overstated or unsupported allegations.

Additional evidence demonstrates that the firearms recovered during the incident did not belong to Mr. Mamuchiev. Attached as **(EXHIBIT 3)** is a signed statement from Inal Tadeev, who affirms under penalty of perjury that the firearms seized by Hawthorne Police Department were his personal property. Mr. Tadeev explains that he stored the firearms in the location where they were found and that Mr. Mamuchiev neither owned nor exercised control over them. This sworn statement directly contradicts the assumption of knowing possession contained in the Indictment and substantially reduces Mr. Mamuchiev's level of culpability. The Court may consider this evidence under 18 U.S.C. § 3553(a)(1) in evaluating the nature and circumstances of the offense and determining a sentence that is fair, accurate, and proportionate.

Witness Interference:

On September 8, 2025, Defense counsel arranged for three witnesses who lived with Defendant at the same residence and who could testify that the firearms alleged by the prosecution were not Defendant's to appear at the Airport Courthouse for the preliminary hearing. Defense counsel provided the names and contact information of

those witnesses to People upon arrival. People provided this information to Detective Bukhin. The witnesses were admitted into the courthouse at 8:30 am and remained outside of Department 31 of the Airport Courthouse where preliminary hearing was scheduled until the lunch recess. Preliminary hearing was started right before the lunch in Department 71 and was continued after 1:30 pm at the same Department 71. After lunch, at approximately 1:30 p.m., while attempting to re-enter the courthouse, the witnesses were intercepted outside by agents of the Drug Enforcement Administration ("DEA"). DEA agents addressed one witness by name Anzor Chomaev and immediately arrested him. The other two witnesses fled the scene. The arrested witness was later transferred to immigration custody and is now in removal proceedings for more than three months already; no narcotics or contraband were recovered from his person at the time of arrest. At no time prior to the witnesses' arrival had defense counsel disclosed their planned attendance to any law enforcement agency. The timing and specificity of the DEA's knowledge of the witnesses' presence, and the abrupt removal of one witness and the flight of the others, which prevented their testimony, are highly suspicious and substantially prejudiced Defendant's ability to present a defense and to produce exculpatory testimony.

The apparent targeting of witnesses who would have testified favorably for Defendant — especially given the timing and the absence of discovered contraband — raises at least an inference of selective or retaliatory law enforcement action.
Such conduct may warrant suppression of tainted evidence, dismissal of particular allegations, or other remedial action where the interference substantially prejudiced the defense.

## DEFENDANT'S BACKGROUND AND MITIGATION FACTORS

1. Mental Health Diagnoses:

Defendant suffers from Major Depressive Disorder, Schizophrenia, and Bipolar Disorder. These diagnoses are well-documented, both in Russia (where Mr. Mamuchiev was previously hospitalized) and in the United States, including treatment

and evaluation while housed in Men's Central Jail and by Expert witness Dr. Wen **(EXHIBIT 4)**.

2. Educational and Professional Achievements:

Despite his illnesses, Defendant has demonstrated remarkable ability and resilience. He holds three Master's degrees from Russia:

- Juris Doctor in Law,
- Economics, and
- Social Work **(EXHIBIT 5)**.

3. Community Support:

Defendant has provided letters of support from friends, his father, and other community members attesting to his character, nonviolence, and history of helping others (**EXHIBIT 6)**.

4. Lack of Criminal Record: Defendant has no prior criminal convictions.

5. Immigration Consequences and Risk of Persecution if Removed:

In addition to the mitigating facts set forth above, the defense urges the Court and the People to consider the severe and irreversible immigration consequences that a conviction would carry for Mr. Mamuchiev. A conviction will very likely render Mr. Mamuchiev removable from the United States and expose him to life-threatening consequences if returned to Russia. Attached to this submission is a letter from Mr. Mamuchiev's father describing credible and specific threats against the family and describing why return would place Mr. Mamuchiev at risk of serious harm **(EXHIBIT 6).**

Given these extraordinary and potentially lethal consequences, the Defense respectfully requests that the Court weigh immigration impact as a mitigating factor and that the Government give careful consideration to resolving this matter in a

manner that will avoid deportation (for example diversion or probation). Such an outcome would fairly balance public safety with the humanitarian need to avoid exposing Mr. Mamuchiev to persecution or death upon removal (**EXHIBIT 6).**

Mr. Mamuchiev also has a verified and immediate employment opportunity, demonstrating strong rehabilitation potential and community stability. Attached as **(EXHIBIT 7)** is a letter from DR Auto Collision Center, confirming that the company is prepared to employ Mr. Mamuchiev full-time upon release and that he is needed as a reliable and skilled worker. Stable employment is one of the most significant indicators of reduced recidivism and successful reintegration. This factor weighs heavily in favor of a downward variance under 18 U.S.C. § 3553(a)(1) and § 3553(a)(2)(B)(C), because steady lawful work supports deterrence, public safety, and long-term rehabilitation.

Additionally, Kieurmanbi Mamuchiev has demonstrated a consistent pattern of charitable involvement, civic engagement, and support for vulnerable individuals in his community **(EXHIBIT 8)**.

While residing in Kislovodsk, Karachay-Cherkess Republic, Russia, Mr. Mamuchiev participated in charitable events aimed at assisting disadvantaged individuals and families. He provided direct support to elderly individuals in need, ensuring they had essential resources for daily living, and contributed both financially and personally to community initiatives.

The Kislovodsk Karachay Society “Alan” has expressed support for Mr. Mamuchiev and indicated its willingness to assist with his reintegration and compliance with any conditions imposed by the Court.

From approximately 2020 to 2022, Mr. Mamuchiev actively cooperated with and supported the Ansary Charitable Foundation. During this time, he participated in charitable events assisting families in need, seriously ill children, and elderly individuals.

He regularly donated funds to support disabled children, pensioners, retirees, and large families.

In 2022, Mr. Mamuchiev played a significant role in fundraising efforts for Magomed Bostanov. He contributed financially toward medical treatment at the Sechenov Moscow State Medical University Hospital, assisted in arranging transportation for medical treatment from Russia to Turkey, and helped fund an expensive surgical procedure. He continued to participate in subsequent fundraising efforts related to the patient's care.

Mr. Mamuchiev has also been involved in organizing and participating in events aimed at improving the urban environment, raising awareness of social issues, and supporting cultural and community projects. He has facilitated cooperation between government entities, businesses, and civil society organizations, and has supported youth initiatives and cultural development.

He is known as an individual who communicates effectively with people of different ages and social backgrounds, resolves conflicts, and promotes mutual understanding. He has demonstrated a high level of civic responsibility, social awareness, and commitment to helping others.

His conduct reflects compassion, generosity, and a strong sense of responsibility to his community.

## LEGAL ARGUMENT

Mitigating Factors Here Strongly Outweigh Aggravation

- Lack of prior criminal record;
- No physical violence;
- Bias and credibility issues with lead detective;
- Defendant suffers from mental illness that significantly reduces culpability;

- Defendant has exhibited extraordinary accomplishments in education and professional fields, demonstrating high rehabilitative potential;
- Defendant has strong community and familial support.
- Immigration Consequences and Risk of Persecution if Removed.
- Mr. Mamuchiev's exceptional character reflected through sustained humanitarian efforts and civic engagement.
- Also, punishing a defendant twice for the same conduct, even under different sovereigns, creates a cumulative penalty far more severe than necessary to achieve the goals of sentencing. Courts have recognized that when a defendant has already been subject to prosecution, incarceration, and collateral consequences in one jurisdiction, these circumstances should be considered under 18 U.S.C. § 3553(a) to avoid disproportionate punishment.
- A federal sentence imposed without accounting for the prior state sentence would violate the statutory mandate to impose a sentence that is not greater than necessary. It would also ignore the realities of the defendant's actual punishment and the equities of the case.

## CONCLUSION

Mr. Mamuchiev has already endured **one year in custody** since his arrest on April 17, 2025. He has no prior convictions, presents with substantial mitigating factors, and has significant community support. In light of the time already served and the circumstances outlined above, the defense respectfully requests that the Court exercise its discretion to impose the most lenient sentence permissible.

Specifically, the Defense urges the Court and Government to consider diversion or sentencing Mr. Mamuchiev to probation only, allowing him to continue his rehabilitation under supervision, or in the alternative, to impose a sentence of time

served, as the period of custody already exceeds what is necessary to achieve the purposes of punishment.

In light of the absence of any criminal records, lack of forensic evidence, and Defendant's substantial mitigating factors, justice will not be served by incarceration.

DATED: April 1, 2026

Respectfully submitted,

By: ______________________
Yuliya Kelmansky
Attorney for Defendant

## DECLARATION OF ATTORNEY YULIYA KELMANSKY

I, Yuliya Kelmansky, declare as follows:

1. I am the attorney of record for the defendant in the above-entitled action. I am licensed to practice law in the State of California.

I am informed and believe the following is true.

2. In light of the absence of any criminal records, recovered firearms, lack of forensic evidence, and Defendant's substantial mitigating factors, justice is not served by incarceration for Mr. Mamuchiev.
3. Specifically, the defense urges the Court and Government to consider sentencing Mr. Mamuchiev to diversion or probation only, allowing him to continue his rehabilitation under supervision, as the period of custody already exceeds what is necessary to achieve the purposes of punishment.

I declare under penalty of perjury that the foregoing is true and correct, except those statements for which I stated under information and belief, which I am informed and believe to be true.

Executed on April 1, 2026, in Los Angeles, California

Yuliya Kelmansky

Attorney for Mr. Mamuchiev

## DECLARATION OF MR. MAMUCHIEV

I, Mr. MAMUCHIEV declare:

1. I am an adult over the age of 18, and I am the Defendant herein. The matters set forth herein are based on my own personal knowledge. If called as a witness in this matter, I would testify as follows.
2. I am asking the Court to consider sentencing me to diversion or probation only, allowing me to continue my rehabilitation under supervision, as the period of custody already exceeds what is necessary to achieve the purposes of punishment.
3. I respectfully request this Court and Government in light of the absence of any criminal records, recovered firearms, lack of forensic evidence, and substantial mitigating factors, grant me diversion or probation only with time served.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 1TH day of April 2026, at Los Angeles, California.

Signature on file

Mr. Mamuchiev– Declarant

**To The Honorable Mónica Ramírez Almadani**

United States District Judge
Ronald Reagan Federal Building and U.S. Courthouse
411 West Fourth Street, Santa Ana, CA 92701

**Re: United States v. Kieurmanbi Mamuchiev, Case No: 2:25-cr-00920-MRA**

Dear Honorable Judge Ramírez Almadani,

I am writing this letter to respectfully accept full responsibility for my conduct in this case. I understand that, as an undocumented individual, I was not permitted to possess firearms, and I take full accountability for this violation. I deeply regret placing myself in a situation that led to these charges and for failing to ensure that I was in full compliance with the law.

I would also like the Court to know that this is my first involvement with the criminal justice system. I have never been arrested before and have no prior convictions. Prior to this incident, I worked hard to build a positive and productive life.

I am proud to have earned three master's degree, an achievement that reflects my dedication to self-improvement and hard work. I have always tried to be a person who gives back, and I have dedicated significant time to charitable work, striving to be a law-abiding member of my community.

This experience has had a profound impact on me. The time I have already spent in custody has impressed upon me the seriousness of my actions and the absolute importance of making better decisions moving forward.

I am truly remorseful and am committed to living a law-abiding life that honors the values of hard work and community service that I have always held dear.

Pursuant to 18 U.S.C. § 3553(a), I respectfully requests that the Court recommend the federal sentence run **concurrently with any previously imposed state disposition**, or alternatively that the Court structure the sentence to fully account for the time the defendant has already served in state and federal custody arising from the same underlying conduct. The defendant has already been subject to state court proceedings resulting in probation and has additionally served a substantial period of incarceration in connection with the same factual conduct. A concurrent or time-adjusted sentence would ensure that the punishment imposed is sufficient, but not greater than necessary, to reflect the

seriousness of the offense, promote respect for the law, and avoid unwarranted duplication of punishment.

I respectfully ask the Court to consider the full mitigating information that has been submitted on my behalf, along with my acceptance of responsibility and the time I have already served. I am determined to move forward in a positive direction and to ensure that I never find myself in this situation again.

Respectfully submitted,

Kieurmanbi Mamuchiev

04.30.2026.