TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
LAUREN E. BORDER (Cal. Bar No. 327770)
Assistant United States Attorney
Transnational Organized Crime Section
1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-8231
Facsimile: (213) 894-0141
E-mail: lauren.border@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KIEURMANBI MAMUCHIEV,<br><br>Defendant. | No. 2:25-cr-00920-MRA<br><br><u>GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT KIEURMANBI MAMUCHIEV</u><br><br>Hearing Date: 7/9/2026<br>Hearing Time: 10:00 A.M.<br>Location: Courtroom of the Hon. Mónica Ramírez Almadani |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Lauren E. Border, hereby files its sentencing position for defendant KIEURMANBI MAMUCHIEV.

//

//

//

The government's sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report and Recommendation Letter, and any other evidence or argument that the Court may permit.

Dated: June 15, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division

/s/
LAUREN E. BORDER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On December 12, 2024, defendant KIEURMANBI MAMUCHIEV fired two rounds from a gun inside of a club and then pointed the firearm at another person before fleeing. Four months later, during the execution of a search warrant at defendant's residence, Hawthorne Police Department officers found defendant in possession of several firearms and dozens of rounds of ammunition. Defendant has pled guilty to one count of being an alien in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(5)(A).[1] (Dkt. 22.)

On June 4, 2026, the United States Probation and Pretrial Services Office ("USPO") filed its Presentence Investigation Report (dkt. 28 (the "PSR")) and Recommendation Letter (dkt. 27). In the PSR, the USPO determined that (1) defendant's total offense level is 27; (2) defendant's criminal history category is I; and (3) defendant's Sentencing Guidelines range is 70-87 months' imprisonment. (PSR at 3.) The USPO recommends the Court sentence defendant to **70 months' custody** and three years of supervised release, to include mental health treatment, and order defendant to pay the $100 special assessment. (Dkt. 27.)

As outlined below, the government agrees with the USPO's calculation of the applicable guidelines range and sentencing recommendation.[2]

---

[1] Defendant is a Russian citizen.

[2] The government also agrees with USPO's recommendation of no criminal fine based on defendant's inability to pay.

## II. STATEMENT OF FACTS

On December 12, 2024, Defendant was heard arguing with an exotic dancer inside a private booth at the Bare Elegance Club in Inglewood, California. (PSR ¶ 12.) When an individual, J.H., tried to intervene and told defendant to leave the club, defendant produced a firearm from his waistband and fired two rounds at the floor. (Id.; dkt. 22 ¶ 10 (plea agreement).) After firing the two rounds, defendant pointed the firearm at J.H.'s face. (PSR ¶ 12.) In fear for her life, J.H. ran to the rear exit of the club and called the police. (Id.) When officers searched the club, they recovered two expended gold 9mm shell casings. (Id.)

After identifying defendant from fingerprints on a Red Bull can he left at the club, law enforcement executed a search warrant at defendant's residence on April 17, 2025. (Id.) Within his residence, officers found several firearms, including: (1) a Glock model 19, 9mm caliber pistol, bearing serial number SDC096, (2) a Springfield Armory Model XD, 9mm caliber pistol, bearing serial number BB150935, and (3) a rifle bearing no serial number, with a barrel less than 16 inches in length. (Dkt. 22 ¶ 10.) Officers also found at least 73 rounds of ammunition in defendant's possession, namely: (1) one round of Remington Peters .223 Rem caliber ammunition, (2) 12 rounds of Winchester 9mm Luger caliber ammunition, (3) one round of CBC 9mm Luger caliber ammunition, (4) five rounds of Blazer 9mm Luger caliber ammunition, (5) two rounds of Aguila 9mm Luger caliber ammunition, (6) one round of Federal Cartridge 9mm Luger caliber ammunition, (7) one round of STV 9mm Luger caliber ammunition, (8) eight rounds of SIG 9mm Luger caliber ammunition, (9) two rounds of Hornady 9mm Luger caliber ammunition, (10) one round of Winchester Military Ammunition .223

caliber ammunition, (11) 30 rounds of Poongsan Defense .223 caliber ammunition, (12) one round of Ammo Incorporated 9mm Luger caliber ammunition, (13) five rounds of Winchester 5.56 caliber ammunition, (14) one round of Winchester .223 Rem caliber ammunition, (15) one round of Lake City Army Ammunition Plant .223 caliber ammunition, and (16) one round of Federal Cartridge .223 Rem caliber ammunition. (Id.) At the time defendant knowingly possessed the firearms and ammunition, defendant was, and knew he was, an alien who was illegally or unlawfully in the United States. (Id.)

On November 7, 2025, a federal grand jury indicted defendant on three counts: (1) 18 U.S.C. § 922(g)(5)(A): Alien in Possession of a Firearm and Ammunition; (2) 26 U.S.C. § 5861(d): Possession of Unregistered Short-Barreled Rifle; and (3) 26 U.S.C. § 5861(i): Possession of Un-Serialized Short-Barreled Rifle. (Dkt. 1.) Prior to the indictment, defendant was charged with a felony in the Los Angeles County Superior Court for assault with a semiautomatic firearm for his conduct at the club on December 12, 2024, and was sentenced to two years' probation. (PSR ¶¶ 34, 48.) On April 2, 2026, defendant plead guilty to count one of the federal indictment and admitted under oath that he possessed the firearms and ammunition listed above. (Dkt. 22 ¶ 10; dkt. 25.)

## III. PROBATION'S OFFENSE LEVEL CALCULATION IS CORRECT

The USPO calculated defendant's Total Guidelines Offense Level as 27, with a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(B), a +2 enhancement for possessing three to seven firearms under U.S.S.G. § 2K2.1(b)(1)(A), a +4 enhancement for knowledge of possession of a short-barreled rifle without a serial number under U.S.S.G. § 2K2.1(b)(4)(B)(ii), a +4 enhancement for

using a firearm or ammunition in connection with another felony offense under U.S.S.G. § 2K2.1(b)(7)(B), and -3 for acceptance of responsibility. (PSR ¶¶ 22-43.) The USPO determined that the defendant has 0 criminal history points, which puts him in criminal history category I. (Id. ¶¶ 49-50.) Taken together, the USPO found that the Guidelines range for defendant's term of imprisonment is 70 to 87 months. (Id. ¶ 89.) The government agrees with this calculation.

Specifically, the government agrees the base offense level is 20 under U.S.S.G. § 2K2.1(a)(4)(B) because the offense involved defendant's possession of a rifle having a barrel less than 16 inches in length as described in 26 U.S.C. § 5845(a)(3). (PSR ¶¶ 13, 23.) The government also agrees with the application of a +2 enhancement for the number of firearms and a +2 enhancement under U.S.S.G. § 2K2.1(b)(4)(B)(ii) because defendant admitted during his change of plea hearing that he knew the short-barreled rifle was not marked with a serial number as required by law. (Id. ¶ 13; see also dkt. 22 ¶ 10.)

The application of an additional +4 to the offense level is also warranted under U.S.S.G. § 2K2.1(b)(7)(B). This section provides that the offense level increases by 4 levels if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." Application Note 13(C) to § 2K2.1 defines a felony offense as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." Here, defendant possessed a firearm and ammunition in connection with his

conviction for assault with a semiautomatic firearm, a felony, in violation of California Penal Code § 245(b), which was charged in Los Angeles County Superior Court.[3]

Application Note 13(D) to § 2K2.1 allows such relevant conduct to be considered at sentencing when the two unlawful possession offenses were "part of the same course of conduct or common scheme or plan." Application Note 5(B)(ii) to U.S.S.G. § 1B1.3(a) provides factors to consider in determining if two offenses were part of the same course of conduct, including: the degree of similarity of the offenses, the regularity of the offenses, the time interval between offenses, and the nature of the offenses. Here, both offenses occurred within a short four-month span, and both are felonies involving firearms and ammunition.[4] The Court should thus impose the +4 enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) in accordance with the USPO's recommendation.

**IV. GOVERNMENT'S RECOMMENDATION**

The Court must impose a sentence that is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a). The Court shall consider "the nature and

---

[3] A defendant commits assault with a firearm if: (1) he does an act with a firearm that by its nature would directly and probably result in the application of force to a person, and the force used was likely to produce great bodily injury; (2) he does the act willfully; (3) when he acted, he was aware of facts that would lead a reasonable person to realize that his act by its nature would directly and probably result in the application of force to someone; and (4) when he acted he had the ability to apply force with a firearm. See CALCRIM No. 875. As evidenced by his conviction, defendant's willful acts of firing two rounds at the floor near another person and pointing the firearm at J.H. at the Bare Elegance Club satisfies the elements of § 245(b).

[4] Information available to the government does not indicate if the firearm involved on December 12, 2024 is one of the same firearms cited in the offense of conviction. (PSR at 5.)

circumstances of the offense and the history and characteristics of the defendant.” 18 U.S.C. § 3553(a)(1). In addition, the Court should fashion a sentence that reflects the seriousness of the offense, promotes respect for the rule of law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from future crimes of the defendant, among other considerations. 18 U.S.C. § 3553(a)(2).

The government recommends defendant be sentenced to 70 months' imprisonment with a three-year period of supervised release, and that the Court impose the mandatory $100 special assessment. Such a sentence is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

1. Nature and Circumstances of the Offense

The Court must consider the nature, circumstances, and seriousness of the offense. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A). Here, the government's proposed sentence reflects the seriousness of defendant's crimes. Defendant was found in possession of several firearms, one of which was a short-barreled rifle with no serial number, and 73 rounds of ammunition. Moreover, this is not a passive alien-in-possession case. Rather, it involved a terrifying use of a firearm in public: defendant fired two rounds at the floor near another person and pointed the gun towards an individual's face. A 70-month sentence adequately accounts for the defendant's conduct in this case.

2. History and Characteristics of Defendant

Defendant's history and characteristics also warrant a 70-month sentence. Defendant is highly educated, holding at least one verified degree, and reports to have a law degree in Russia. (PSR ¶¶ 76-78.)

Defendant even states he had his own law office in Moscow, Russia, for four years. (Id. ¶ 80.) Despite such knowledge and professional legal training, defendant resorted to the criminal conduct charged in the instant case. Defendant also has a history of mental health issues which, left untreated, indicate a pattern of instability and heightens the risk defendant poses to society. (Id. ¶¶ 71-72.)

3. Need for Deterrence and to Protect the Public

Given defendant's history, the recommended sentence is also necessary to deter defendant and protect the public. See 18 U.S.C. §§ 3553(a)(2)(B), (C). The need to protect the public is particularly heightened here in light of defendant's mental health diagnoses. Defendant has demonstrated a willingness to not only possess multiple firearms and an extensive assortment of ammunition, but a willingness to use a firearm and ammunition in public.

4. Need to Avoid Unwarranted Disparities

The government's requested sentence also minimizes sentencing disparities among similarly situated defendants because a sentence within the correctly calculated Guidelines range ensures consistency in sentencing. See United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."); Gall v. United States, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges."). Here, under the correctly calculated Guidelines range, other defendants "with similar records who have been found guilty of similar conduct" as defendant are faced with a custody sentence

between 70 to 87 months' imprisonment. See U.S.S.G. § 5A (Sentencing Table). As such, the government's recommended sentence avoids an unwarranted disparity with similarly situated defendants.

## V. GOVERNMENT'S REPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

On June 3, 2026, defendant filed a sentencing memorandum which argues defendant has "already been prosecuted and sentenced for the same conduct in state court" and that the "federal indictment contains material factual inaccuracies." (Dkt. 26 at 4.) As explained below, the Court should not credit any of these improper arguments that extend beyond analyzing the section 3553 factors.

### 1. Defendant Was Not Sentenced at the State Level for the Same Conduct

Defendant argues that because defendant has already been punished for possession of a firearm at the state level with probation, the resulting duplicative punishment should be a mitigating factor in this federal case. (Dkt. 26 at 4.) However, defendant was not sentenced at the state level for the same conduct at issue in this case. On October 21, 2025, defendant was sentenced to two years' probation for violation of California Penal Code § 245(b): assault with a semiautomatic firearm, corresponding to Count Five of the Felony Complaint and Information. (PSR ¶ 48.) The state court dismissed all other counts, including charges for possession. (Id.) As explained in the government's Opposition to Defendant's Emergency Motion to Dismiss Complaint (dkt. 6 at 8), the government is prosecuting a different crime here than what was charged on the state level, and a federal sentence for this violation will not be additional punishment for the same conduct. Indeed, the Honorable Magistrate Judge Kim ruled on October 29, 2025 that

defendant has not "been subjected to double jeopardy or a due process violation just because the federal and state charges may cover the same or similar criminal conduct." (Dkt. 15.) Moreover, the Guidelines adequately take into account the prior state case by assigning it no criminal history points. See PSR ¶ 48 ("In this case, the conduct underlying the offense of conviction in the state case was considered relevant conduct to the federal case . . . . As such, this conviction did not garner criminal history points.")

2. Defendant's Admissions in the Plea Agreement Bars Contestation

Plea agreements are contractual in nature and are governed by contractual law standards. United States v. Keller, 902 F.2d 1391, 1393 (9th Cir. 1990). Courts must enforce the literal terms of a plea agreement. United States v. Franco-Lopez, 312 F.3d 984, 989 (9th Cir. 2002). Here, defendant argues that the federal indictment contains "material factual inaccuracies." (Dkt. 26 at 4.) This claim is in direct contradiction to the terms of the plea agreement signed by defendant on February 28, 2026, where defendant agreed "[n]ot to contest facts agreed to in this agreement." (Dkt. 22 ¶ 2(b).) By signing the plea agreement and admitting to the factual basis under oath on April 3, 2026 during his change of plea hearing, defendant waived any right to challenge the facts set forth in the plea agreement. (Id.)

In the factual basis of the plea agreement, defendant voluntarily and intelligently admitted his guilt to the violation of 18 U.S.C. § 922(g)(5)(A): Alien in Possession of Firearms and Ammunition and agreed to the statement of facts provided. (Dkt. 22 ¶ 10.) Defendant admitted to knowingly possessing all firearms: (1) a

Glock model 19 pistol, (2) a Springfield Armory model XD pistol, and (3) a short-barreled rifle with no serial number. (Id.) Defendant also admitted to knowingly possessing all 73 rounds of ammunition. (Id.) Defendant's attempt to contest the agreed-upon factual basis and introduce additional evidence violates the terms of his plea agreement. Moreover, the self-serving affidavit from a third-party claiming ownership of defendant's guns contradicts the evidence in this case and defendant's own admissions. See dkt. 26 at 14 (defendant's sentencing letter to the Court stating he "understand[s] that, as an undocumented individual, I was not permitted to possess firearms, and I take full accountability for this violation.") Defendant's arguments extending beyond the section 3553 factors should not be considered by the Court.

**VI. CONCLUSION**

For the foregoing reasons, the government requests this Court sentence defendant to 70 months' imprisonment, three-years' supervised release, a $100 special assessment, and no fine.